May it please the court, Walter K. Pyle on behalf of Mr. Buen-Rostro. The issue in this case is whether Mr. Buen-Rostro's Rule 60B motion was a true 60B motion or was it a successive habeas petition. Counsel, let me tell you where I tentatively came out reading this and then you educate me about what my mistake is. It's a very troubling case. To me it's a, having practiced in this area, it's just a sacred duty to pass on offers immediately because it's your client's case. No question about it. He knows more than you do. It's just outrageous not to pass on an offer and it's a fair reading of the record that this lawyer didn't. However, I just don't see much to your 60B argument. You've got 60B, which is the general rule on challenging judgments in civil cases, and then you've got 2255, which is the specific rule about what you do in habeas cases, and it seems kind of clear to me that you go with 2255. And then once I look at 2255 and 2244, I say, well, it's true that the lawyer's error or wrongdoing was not discoverable with due diligence, but it only goes to sentencing, not to guilt. So you've got two possibilities for a late challenge under 2255 and neither of them work, because it goes only to sentence and not guilt. What can I do about that? Educate me away from that. Okay. I'll try to do that. These statutes, and this applies both in 2254 and 2255, they say you can't bring a second petition. But we know that's not literally true. Why? For example, in State habeas cases where you file your first Federal petition, but you haven't exhausted, so that petition gets dismissed, it doesn't count. You go back, exhaust, file a new petition, that's technically a second-in-time petition, but the courts say it's not, the first one doesn't count. In cases where a defendant is middly incompetent to be executed, if he files a ---- Middly incompetent is a little different, because Panetti says, well, you really can't file that 10 years in advance, because you don't know if they'll still be nuts when it's time to execute him, or he may be fine 10 years in advance and nuts when it's time to execute him. Correct. But in both of those cases, what is central, and what's central to Mr. Buenrostro's case is, he never had an opportunity to have his claim adjudicated. So it's similar to U.S. v. Lopez is your argument? Yes. And I don't ---- It's not holding in Lopez. Yes. And it's ---- But that's the underlying thing between, for example, cause and prejudice. I think it's probably wrong on too much of an extension of Panetti. Well, it could be. But in all these, even in any ineffective assistance of counsel, the underlying philosophy is, he didn't get an opportunity to present his case, in that case, in an effective matter. You're absolutely right. And it wasn't discoverable with due diligence. But it doesn't go to guilt. Right. So it doesn't fit under the statute. But it does fit under these other exceptions. Second or successive petition has never been defined in statute or by the Supreme  It's approached on a case-by-case basis. And ---- So even though we had a previous petition on ineffective assistance, we don't call this a second one? We don't because three things. And you mentioned Panetti. And Panetti actually looked at three ---- it approached it in three ways. One, the implications of reading AEDPA literally. And he's deprived of an opportunity to have his claim adjudicated. That was the case in Gonzales. It was a statute of limitations bar, and he didn't have his claim adjudicated. They said that's a 260B motion. Panetti also said, does barring the claim advance the philosophy of AEDPA? And no. Filker v. Turpin said, AEDPA is a modification of a res judicata rule. When Nostra would not be barred by any res judicata rule in this case. Third, it's consistent with habeas practice, which Panetti also mentioned, including abuse of the writ. He would not be subject to abuse of the writ allegations under traditional habeas practice. Before AEDPA, you'd be fine. Yes, but ---- No question about it. Before AEDPA, you'd be just fine. But Filker v. Turpin says we interpret AEDPA in light of pre-AEDPA habeas jurisprudence. But we can't just ignore AEDPA. I mean, AEDPA is a narrowing statute. It is. But I think if you look at all these cases, what you'll find in every case where a 260B motion is presented, and in every case where a second petition, even though literally second but not treated as second by the courts, in every one of those cases, it's a case where the person did not have an opportunity to present his claim. Tell me what the best precedent you've got is for not treating this as a second petition. Probably Panetta v. Quarterman. That's not good enough. Because they say in there being too mentally ill to be executed is kind of a special case since you don't know until just before execution time. Well, it is, but in the ---- Do you have another one? Ninth Circuit cases. Well, Coleman v. Thompson and the cause in prejudice. That was old law, pre-AEDPA, wasn't it? I don't remember. But cause in prejudice ---- I don't remember for sure. I don't remember either. But cause in prejudice is certainly still alive even after AEDPA. Anyway, that's what I'm getting at is that the defect is the inability to present his claim and have it adjudicated. That is what a Rule 60B motion is, and that is why the courts in these other cases do not literally interpret second or successive. What I'm saying is second or successive does not literally mean second in time. I have a little over two minutes. I'd like to reserve some time for rebuttal. You may do that. Good morning. May it please the Court. My name is Matthew Siegel. I represent the United States in this case. Counsel, to what extent was the government negligent also here? Was there any ---- I would call it a quasi-Brady obligation to bring a case to the Court to this prisoner's attention in the first proceeding that there was a meritorious claim available of which he was ignorant? As the district court found, how could the government know that first habeas counsel, not my colleague here, was proceeding without the correspondence file? It is a fair assumption of a party in litigation that successor counsel has the letters that you sent previous counsel, unless they tell you they don't. And, Your Honor, Judge Kleinfeld, the Court said that this couldn't have been discovered in the exercise of due diligence. Respectfully, Your Honor, it's not true. If the initial habeas counsel ---- Well, I don't see it. The lawyer ---- there's a plausible case that the lawyer didn't pass on the offer. Let's assume for purposes of discussion that he did not. He says he would have blown off the offer, thought it was a silly offer because he was going to beat the case. It's pretty plausible that he didn't pass it on. And also he doesn't say he passed it on immediately or that it was even his practice to pass offers on immediately, as he was ethically obligated to do. So it's plausible he didn't pass it on. Then how would this fellow have known about it? Apparently his co-conspirator snitched him out. He went to trial fat, dumb, and happy, thinking his lawyer was going to beat the case for him. And then he finds out years later, gee, how come you didn't take the offer? What offer? Well, those facts are assumed to be true for purposes of a motion to dismiss. But if this Court ---- if Your Honor finds a way around AEDPA, the only actual witness who says I didn't get the offer is a person who has a Federal counterfeiting conviction, two Federal narcotics trafficking convictions, some State narcotics trafficking convictions. And what I'm trying to say is that this is a case where you can't just rule against all habeas petitioners because they're criminals. No. But I'm just contesting Your Honor's characterization of the evidence. And in addition, counsel, you also have, as Judge Kleinfeld pointed out, the lawyer really has not countered it by saying, of course, I always give it right away, and I did, and this was our conversation. We don't have that. So there's, in that sense, corroboration of his claim. So ---- No. That's why the United States is prejudiced when a defendant has a trial, a direct appeal, a habeas, a 2255 motion that goes through two rounds of amendment. Look, you're giving us ---- It's not just because he's prejudiced. Political rhetoric. You're not even giving us an argument. I mean, you argue, well, he's a criminal, so you should disregard what he says. Well, there would be no habeas jurisdiction whatsoever if that argument made any sense, which it doesn't. Could I ask a question about what you just said, that the United States was forced to trial by this defendant? In January of 1996, the U.S. attorney offered a plea agreement where the maximum sentence would have been 14 years, and he wouldn't have gotten the maximum under the offer because of the incompetence of the lawyer that's representing him, and then you forced it to trial. And I think the troubling thing about this case is why, if you were willing to take a 14-year deal in January of 1996, did this person suddenly become somebody that the U.S. attorney wanted locked up for life, knowing he had an incompetent lawyer? Well, in January of 1996, I was in law school, but, Your Honor, so I can't say subjectively what was in the mind of the prosecutor, but all the time deals go out the door that are better than trial outcomes. Now, returning to the question of due diligence, Alcala trial counsel withdrew in 1997 at  The district court says in the letter that's in the excerpts of record at 102 that when she was investigating the habeas, excuse me, 2255 motion, Alcala tells her that his files were lost in a flood. At that point, she knows that she doesn't have the correspondence file, and what the Why wouldn't they get the discovery that had been sent? Did she ask the government for the correspondence? No, Your Honor, not until 2007. And that was the basis for the district court's decision. So basically your argument is that because this person had two incompetent lawyers and the government didn't see fit to explain itself, this guy should spend his entire life in prison when he could have been out in probably ten years. I mean, that's your argument. And that's because of EDPA. I'll get, in the remaining four minutes I'll get to EDPA. That is not how I'd characterize the argument. I do not, assuming the facts alleged are true, the first lawyer was incompetent, fine. The second one was this was negligent, but again, you know, there's no Sixth Amendment right to counsel in a habeas proceeding. And all this talk about cause and prejudice, where's the cause? There's no violation of a constitutional right during the habeas proceeding, because he doesn't have a right to effective assistance of counsel in that proceeding. So there can't be cause. And that is the teaching of Coleman v. Thompson. Now, if you just look at Gonzalez, which is conceded here to be applicable in a 2255 proceeding, Gonzalez says if they're adding new facts in support of a claim that was denied on the merits or if they're coming up with a new legal theory to support relief, then it should be treated as a successive motion, not a 60B. And if you – if the Court turns to exactly what the defendant wanted, it's in the excerpts of record at pages 73 to 75, what the defendant wanted was to vacate the order denying the 2255 and to add a new ground for relief, and then – which was this Blaylock ineffective assistance of counsel for not conveying the plea offer claim – and order relief that was entirely inconsistent with what he'd wanted for a decade. You know, for a decade he claims his innocence and files affidavits about it. His new claim is, I want the offer that I turned away in – in that – No, that's not his claim. I want the offer. The offer that was never conveyed to me as it should have been. That's different. Your argument would be absolutely rock solid if he had turned down the offer. When somebody has committed a crime for which he deserves a long sentence and he ultimately gets a long sentence and he turned down an offer for a shorter sentence, tough, that's fair. He earned the longer sentence by committing the crime that justified it. But the problem here is not passing it on. And I guess – I guess – The problem is the court can't reach the merits because of AEDPA. The problem is what he's doing is he's coming up with this – with these facts and this theory a decade after the conviction and four years after the – about four years after the district court denied his 2255. I guess once he gets a second or successive, then you're stuck with 2244b2 here, either new rule of law or factual predicate could not have been discovered through the exercise of due diligence and no reasonable fact finder would have found the defendant guilty. Actually, I think because it's a Federal – And you've been making a lot of arguments on the – 2255, I believe. 2255H? I – Your Honor, I believe Judge – Your Honor, Judge Graber is correct because it's a Federal conviction. It's within 2255. But essentially, the – the analysis is the same. The one thing – Same analysis. I just read the – Right. So the thing that everybody in here apparently agrees on is he's guilty, right? There's no claim that the defendant is innocent or that there's some new constitutional rule that would entitle him – I guess – I guess what confuses me is you've argued about due diligence and all kinds of other stuff, and it seems like you can lose on every point you've argued, and then we still have this section that no reasonable fact finder would have found the movement guilty of the offense. I think that's right. Is that right? There is – I potentially could, and hopefully the Court won't see it that way, lose on every point. But as long as he's not saying he's innocent – It makes me wonder why you're arguing all the weaker points, actually. Well – Am I missing something? Is it enough that – is there some case law I'm not aware of that says even if it wouldn't have shown that no reasonable fact finder would have found him guilty, it's still good enough? Not if the district court reached the merits on the 2255. It's squarely within Gonzales. This is a claim based only on the omissions of counsel. Footnotes 4 and 5 of Gonzales apply. But let's suppose hypothetically that it's true that it couldn't have been found by A court would believe he would have taken the offer. Of course, we don't know that. He would have taken the 14 years if he'd known about it. Let's assume both of those things. Now, that does not bear on whether he's guilty of the offense, if those words are read to mean what they ordinarily mean. It's just whether he would have gotten the same sentence. Is there any case law that says whether 2255 should be read so that movement guilty of the offense is broad enough to embrace also that the judge would not have imposed the sentence as great as he did? I'm aware of none, Your Honor. The statutory language. Are there any going the other way? Is there any going your way? I mean, the language of the statute and then three circuit courts have applied Gonzales in published opinions in the 2255 context. Somebody not being informed of a plea bargain or something else that would have changed the sentence? No. It's just if they didn't come to the circuit court and get the certificate that they would have established by clear and convincing evidence. Well, the context matters, though, because this is a situation in which the claim could not have been, not only was not adjudicated, but could not have been adjudicated because the facts were newly discovered as far as the defendant is concerned. So are there any circuit cases that have dealt with that problem? No. I think it's hard, Your Honor, because I don't believe a lot of circuits have adopted this Court's reasoning in Blaylock. This is one thing. And does Lopez support the defendant, the Petitioner, in this case? I believe that, Your Honor, the only thing that would be a sufficient excuse would be if the district court had not reached the petition on its merits. But here, the district court did reach it on its merits. And then four years after that determination, they come back with a new reason for relief. And I understand the court does not see it the way that I do, that if in 2000, habeas counsel learns that she doesn't have the file, she doesn't have some kind of a diligence duty to ask the government for the correspondence file. But even assuming that's true, if they're coming up with new reasons 10 years later and they don't relate to guilt, it's not a 60B motion. Even under the terms of 60B, it wouldn't be permissible. But it's not a 60B motion. And under 2255H, if it doesn't relate to innocence, the court doesn't have jurisdiction. Thank you, Your Honors. Thank you. Mr. Pyle, you have some rebuttal time remaining. Thank you. I think what the answer to this is in the definition of second or successive. I mentioned earlier in my argument that second or successive does not simply mean second in time. We pointed out the idea of somebody filing a premature State habeas that has not been exhausted. I don't see where you get the first base on that, frankly. I mean, to read it the way you want to, you'd have to say if it's a new theory, it's not second or successive. And it seems pretty plain from the case laws as well as the statute itself that what Congress meant was whatever claims you have, wrap them all into one and get them done in a year. Congress did not define second or successive. And what I'm saying is second or successive does not include a case where he did not have an opportunity to have his case heard. And that's true with the premature 2254 petitions. If we accepted that, it would apply to just about all the second or successives we get. We get all these handwritten pro se second or successives that are just one more thing. But in all of those, he had the – in virtually all of those, the defendant had the opportunity to litigate it. He had some inkling that something was going on. There was Brady material. He had some inkling that there was something that was not turned over. In all of those cases, there's something the Court says he should have known or he – it was neglect, inexcusable neglect. They use terms like that. But nowhere that I – there's no case that I know that says a successive petition includes a claim that the person did not have an opportunity to litigate and have determined by the Court. Thank you. Thank you, Counsel. The case just argued is submitted.
judges: Molloy, Kleinfeld, Graber